## MARTIN v SPELLMAN, Admr.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3050.  Decided October 4, 1939

Knepper, White & Dempsey, Columbus, for plaintiff-appellee.

Druggan & Gingher, Columbus, for defendant-appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on appellee's motion to dismiss appeal and also on the merits as an error proceeding by reason of defendant's appeal from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The motion to dismiss is set out under three specifications, all of which under slightly different form are based on the claim that the Bill of Exceptions on its face discloses that all the evidence is not presented, and in substance the further fact that the claimed errors are only manifest through an examination of the entire record.

Counsel for appellants urge that the Bill of Exceptions sets out so much of the record only as is necessary to reach the errors complained of.

This court has repeatedly held that under similar conditions even though no Bill of Exceptions is presented at all, it is not a proper procedure to dismiss the appeal, but rather to affirm the judgment.

In so holding we followed a decision of the Supreme Court of Ohio.  The motion to dismiss will be overruled.

The same question presents itself in determining the appeal on the merits. There is no question that under the provisions of the Code appellant is within his right in presenting only so much of the record as bears upon the error complained of.

It sometimes happens in cases where all the evidence is not presented in the Bill of Exceptions that relief can not be granted the appellant for the reason that the reviewing court must indulge the presumption that the judgment of the trial court is correct and the omitted part of the evidence might sustain the judgment, even though error might appear in the deleted transcript.

It is only when the reviewing court finds the error to be prejudicial that it will reverse and remand. The omitted evidence may explain, dispute or entirely meet the questions of error.

Where this is true the judgment must stand even though the reviewing court from statements of counsel might be convinced that the omitted testimony would have no bearing on the controverted questions. Where the trial court in his allowance of the Bill certifies that it contains all the evidence having any bearing on a stated question, the reviewing court would probably be warranted in accepting such deleted Bill as all the evidence bearing on the claimed error. Under such a situation the opposing counsel would have the opportunity to challenge the correctness of the Bill and its proffered certificate, and thereby have brought into the record any additional evidence which it is claimed would have a bearing on the claimed error. We do not follow the argument of counsel for appellee that where the claimed error was the refusal of the trial court to direct a verdict or other kindred motions that in all instances it is necessary to have the complete transcript of the testimony in order to raise the question of prejudicial error. In all cases there are a number of elements which plaintiff is required to prove in order to make out his case.

This is, of course, true in the instant case.

The plaintiff, Dr. Martin, was bringing his action against the administrator for medical services claimed to have been administered to the decedent in his lifetime. As a condition pre-cedent to the bringing of ▓▓▓▓▓▓ ▓ his action it was necessary for him to allege and prove that he duly presented his claim to the administrator and that the same was disallowed. It must also appear that he brought his action within sixty days after the rejection of the claim as provided under the Code.

This is an element in plaintiff's case, separate and apart from the merits of his account. If this provision of the Code was not complied with, the issue being raised by answer, plaintiff would not be permitted to recover however meritorious his claim might be.

Under appellant's assignments of error it clearly appears that the only question raised is based on the claim that plaintiff failed to bring his action within sixty days after his claim was rejected. It is therefore obvious that only so much of the record as bears on this question can be of any assistance to the reviewing court in determining the claimed error. If it can be appropriately said that the testimony omitted might have a bearing on this question, then we would have no power to reverse. Considering the deleted record as presented it is our judgment that the question is properly raised and nothing in the omitted evidence could have any legal significance as tending to change, modify or dispute the pertinent factual questions as contained in the submitted Bill of Exceptions. This is true because the plaintiff, Dr. Martin, admits the written communications through which he presented his claim to the administrator, together with the administrator's replies, which constitute the rejection. Plaintiff's petiton was filed in the Clerk's office of Franklin County on October 13, 1937, and summons was issued thereon the same day. The petition contains the following allegation as to presentation and rejection:

"On the 21st day of August, 1937, plaintiff duly presented to and filed with the defendant as such administrator a written statement of his claim and demanded endorsement of approval

thereon, but defendant refused to endorse said claim and rejected it."

The answer of the defendant administrator, among other things, contains the following averment:

"Now comes James R. Spellman as administrator of the estate of Maurice Patrick Murnane, deceased, and for his answer herein says that he rejected the claim herein set forth on the 8th day of July, 1937, and that more than sixty days thereafter, to-wit, on the 13th day of October, 1937, this action was filed."

Again it is manifest that if plaintiff's claim was rejected on August 21, 1937, as averred in his petition, then his action was commenced in time. If, on the other hand, the claim was rejected on the 8th day of July, 1937, as averred in the defendant's answer, then the action was not commenced in time.

This review is now boiled down to one and only one question.

Does it affirmatively appear that the claim was rejected on July 8, 1937? Plaintiff's exhibit No. 3 attached to the Bill of Exceptions purports to be a statement of Dr. Martin's account against the estate of Mr. M. P. Murnane, deceased, and reads as follows:

"Magnetic Springs, Ohio.
July 6th. 1937.
"Estate of Mr. M. P. Murnan (services rendered to Mr. Murnan).

Columbus, Ohio.

"To Robert H. Martin, M. D., Dr.
For Professional Services
July 14, 1936 to Jan. 29, 1937___$3000.00
"Including all special services, laboratory work, medicines, etc."

The statement of which the above is a copy was admittedly received by the administrator and on July 8th, 1937, he mailed to Dr. Martin the following letter which is attached to the Bill of Exceptions as plaintiff's exhibit No. 4:

"July 8th, 1937
"Dr. Robert H. Martin,
Magnestic Springs, Ohio.
Dear Sir:

I received today a claim against the Estate of M. P. Murnan in the amount of $3,000.00 from July 14, 1936 to January 29, 1937, with the item including all special services, laboratory work, medicines, etc. I am hereby rejecting the claim, first on the ground that the claim was paid and second on the ground that as an addition to the claim he made you a present of a Packard automobile.

"However, both of these may be subject to a dispute and I am asking for your statement as to these matters. Second, I am refusing the claim on the ground that I have no way of determining the amount except by your statement and neither has the Court, as you have simply the items 'including all special services, laboratory work and medicines'. If this is reformed, itemized, and placed in the proper manner, with all credits, etc., attached, I would be glad to take up the matter of the payment of the claim but in the form in which the claim now is, I am compelled to refuse it.
Yours respectfully,
"James H. Spellman."

On July 16, 1937, Dr. Martin addressed a short letter to Mr. James R. Spellman, 213 First National Bank Building, Columbus, Ohio, which among other things contained the following: "An itemized statement of this claim will be sent to you. Yours respectfully, R. H. Martin." The above letter is attached to the Bill of Exceptions as plaintiff's exhibit 5-1. Sometime before August 21, 1937, Dr. Martin transmitted to the administrator his itemized statement of account which is attached to the Bill of Exceptions as an exhibit. On August 21, 1937, Mr. James R. Spellman, Administrator, mailed to Dr. Martin letter attached to Bill of Exceptions marked plaintiff's exhibit No. 6, and is in the following language:

228

"Dear Doctor:

This is to acknowledge receipt of your detailed account against the Estate of M. P. Murnan for doctor's services. Judge McClelland is at this time on his vacation and it is necessary for me to either notify you under the law, of acceptance or rejection, within thirty days after the receipt of your claim. In view of the fact that the Judge is out of town and I am unable to obtain any confirmation I will reject the same at this time and I will get in touch with you immediately upon his return.

"Yours very truly,

"James R. Spellman

"Administrator of Estate of M. P. Murnan, deceased."

Sec. 10509-133, GC, contains the provision in substance that suits on rejected claims must be commenced within two months after receipt of actual notice of such rejection. This enactment was formerly Section 6097, Revised Statutes. The only pertinent change as it affects the present action is reducing the time within which the action must be commenced to two months instead of six months. The case of Miller v Ewing, Admr., 68 Oh St 176, is in point. Syllabus 2 reads as follows:

"2. If, within a reasonable time after such exhibition of the note, the administrator informs the claimant, unequivocally, that the claim is rejected and that all that he will get on it will be at the end of a lawsuit, the six months' statute of limitations will then begin to run, and if suit be not brought within six months no action can be maintained upon the note."

On page 186 of the opinion by "Spear, J." we find the following:

"We readily assent to the proposition that in order to avail in starting the six months' clause to running, the rejection must be plain and unequivocal. If it is simply argumentative and uncertain; or, as in Bank v Speight, 47

N. Y. 668; there has been, concurrent with the alleged rejection, an agreement to refer; or if, as held in Hoyt v Bennett, 50 N. Y. 538, at the time of the alleged rejection, the administrator does or says anything from which the claimant may reasonably infer that the determination to dispute or reject the claim is not final, but that it will be further examined or considered, the administrator may not set up such a dispute as a rejection."

In our opinion the letter of July 8, 1937, was not an unequivocal rejection. We again quote the last few lines of the letter:

"If this is reformed, itemized and placed in the proper manner, with all credits, etc., attached, I would be glad to take up the matter of payment of the claim but in the form in which the claim now is, I am compelled to refuse it."

We think that this was an invitation to Dr. Martin to reform his claim so as to comply with the objectionable features that the administrator was raising and that when reformed, itemized and placed in proper manner with all credits, etc., that the administrator then would be glad to take up the matter of the payment. It therefore follows that the letter of July 8th was not such an unequivocal rejection that was required in law in order to start the time running within which the action must have been commenced. It is probably true that had Dr. Martin accepted this letter as a rejection of his claim and had not attempted to comply with the administrator's request, that he could have brought his action within sixty days from such date.

It is our conclusion that the action of the parties, both plaintiff and defendant, did not treat such letter as an unequivocal rejection but that the letter of August 21, 1937, was the first action of the administrator that constituted a rejection.

It is argued that this letter of Au-

gust 21st had some qualifications so that it might not be said to be an unqualified rejection. Of course the reference in this letter to Judge McClelland would have no significance for the reason that the Probate Court would not have the right in the first instance to determine whether the administrator should or should not allow the claim.

It appears in the record that the parties did go to see Judge McClelland, but all this was done before the expiration of the 60 days. We think that Dr. Martin had the right to treat this as an absolute rejection and bring his action.

The further question is raised that the trial court should have determined as a matter of law that the claim was rejected on July 8th and thereafter dismissed the action for the reason that it was not brought within time.

The principle of law is well recognized that where facts are not in dispute a legal question arises and there is nothing to submit to the determination of a jury.

However, in the instant case the Court did submit the question to the jury as to whether or not the letter of July 8th constituted a rejection. On this question the jury answered an interrogatory to the effect that this letter was not a rejection.

Even if it be conceded that the court should have made the determination and not have submitted it to the jury, it is nothing more than harmless error.

The assignment of error also makes the claim that the trial court erred in his charge to the jury. We find no merit in this contention.

Finding no prejudicial error the judgment of the trial court will be affirmed and costs adjudged against the appellant.

HORNBECK, PJ. & GEIGER, J., concur.