**CHRONERBERRY v BARTEL, Exr.**

Ohio Appeals, 2nd Dist, Miami Co.

No. 394. Decided July 10, 1940.

Baird Broomhall, Troy, and Lilley & Lilley, Piqua, for defendant-appellant.

Berry & McCulloch, Piqua, for plaintiff-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding from the judgment of the Court of Common Pleas of Miami County, Ohio.

Plaintiff's cause of action, as disclosed by his petition, was for work, labor, office work and general care and nursing rendered August Bartel, now deceased, at his special instance and request, for a period of 363 days, at $5.00 per day, commencing January 9, 1934, to January 7, 1935, both inclusive, aggregating the sum of $1815.00, against which a credit of $385.00 was allowed, leaving a claimed amount due of $1430.00.

The petition also contained the allegation of the representative of the claim to the defendant executor and its disallowance.

The amended answer of the defendant set out five separately numbered defenses, in substance as follows:

The first defense contained admissions of certain formal matters, such as the appointment and qualification of the defendant as executor; presentation of the verified claim in the amount of $1430.00 and its disallowance; and thereafter denies each and every other allegation in the plaintiff's petition.

The second defense admitted that plaintiff performed certain services for August Bartel during his lifetime, but that plaintiff received and accepted weekly payments in full settlement thereof, and at the death of the said

August Bartel all services rendered by plaintiff had been paid for in full.

The third defense sets out in substance that upon the 31st day of January, 1935, plaintiff filed with the defendant a claim for $750.78 against the estate of August Bartel, for services from January 9, 1934. to January 7, 1935; that thereafter defendant repeatedly requested plaintiff to furnish an itemized statement of account, which plaintiff failed to do, and on the 26th day of February, 1935, defendant rejected said claim. That on March 1, 1935, plaintiff refiled said claim with said defendant for the same services set forth in the claim originally filed, in the sum of $1430.00. That on March 29, 1935, defendant rejected this second claim.

The fourth defense incorporates all the allegations of the third defense and then avers that plaintiff's action was filed May 23, 1935, more than two months after the original rejection of plaintiff's claim, and that the same is therefore barred.

The fifth defense incorporates all of the allegations of the third defense and further avers that defendant brought his action on May 23, 1935, more than two months after the original rejection of said claim by said defendant, and that the amount of $750.78, being the amount originally rejected, is therefore barred.

Plaintiff's reply is in substance a general denial to the first and second defenses, as contained in defendant's amended answer. The reply to the third, fourth and fifth defenses, as set out in the amended answer, admits that plaintiff has filed his original claim for $1134.78, with a credit of $385.00, and that this claim was rejected on the 25th day of February, 1935. It is further admitted in the reply that plaintiff filed a second or amended claim for $1815.00, plus $385.00 credit thereon, on the first day of March, 1935, and within two months after the appointment of the defendant as executor; thereafter on the 29th day of March, 1935, the defendant rejected said claim and that suit was filed on May 23, 1935, within two months after the rejection of the amended claim and within five months after the appointment of the executor.

All other averments of the third, fourth and fifth defenses are denied.

The transcript of the docket and journal entries discloses a number of motions and demurrers to the respective pleadings, some of which are not passed upon, or at least if passed upon, the action of the court was not journalized.

Defendant's original action was attacked by motion, which was sustained, as appears by duly journalized entry, and thereafter the second amended petition was filed.

Plaintiff interposed motion to strike the third, fourth and fifth defenses from defendant's answer, which motion was overruled.

Defendant interposed demurrer to plaintiff's reply, and, at a later date, motion for judgment on the pleadings, neither of which was disposed of so far as is disclosed from the transcript of journal entries.

Under the state of the record these matters become unimportant and we only refer to them to show that counsel for the respective parties throughout the trial saved their record; and for the further purpose of having an understanding as to the issues contained in the pleadings, which should have been presented to the jury.

The trial court failed to instruct the jury on the issues presented in the third, fourth and fifth defenses, as set out in the amended answer, and plaintiff's reply to these defenses.

The case being tried to a court and a jury, resulted in a verdict for the plaintiff for the full amount claimed, with interest from January 7, 1935.

Thereafter defendant filed a motion for judgment notwithstanding the verdict, and also a motion for a new trial. Both motions were overruled and judgment was entered on the verdict, in the total sum of $1819.68, with interest from July 21, 1939.

Within proper time plaintiff gave notice of appeal on questions of law and thus lodged the case in our court.

The appellant sets out in his assignment of errors seven separately numbered specifications. In the brief these are reduced to three, referred to as follows:

"1. The defendant is entitled to a judgment in his favor because plaintiff's action is barred by the limitation provided in §10509-133 GC.

2. The verdict is excessive.

3. The verdict is manifestly against the weight of the evidence and contrary to law."

We will consider these assignments 1, 2 and 3 in the order named.

An understanding of the following essential facts is necessary in determining the question of the claimed bar by statute of limitation.

January 7, 1935, death of August Bartel;

January 23, 1935, appointment of executor;

January 31, 1935, original verified claim filed with executor, which, omitting the formal heading, reads as follows:

"Nursing and general care from
January 9, 1934, to January 7,
1935, the sum of_____$1135.78
Less credit _____ 385.00
Balance due _____$ 750.78
with interest at 6% from Jan. 7, 1935."

February 26, 1935, original claim rejected by executor;

March 1, 1935, amended or second claim filed, which, omitting the formal heading, reads as follows:

"Housework, office work and
nursing, from January 9, 1934,
to January 7, 1935_____$1815.00
Less credit _____ ___ 385.00
Balance due _____$1430.00
Interest at 6% from January 7, 1935,
until paid."

March 29, 1935, amended or second claim rejected by executor;

May 23, 1935, petition and praecipe filed.

Sec. 10509-133 GC, effective at the time of the executor's appointment and up to and including the date of filing the petition, reads as follows:

"If a claim against the estate of a deceased person has been presented to the executor or administrator, and has been disputed or rejected by him, but not referred to referees, the claimant, except as is otherwise provided by law, must commence a suit for the recovery of such claim within two months after such dispute or rejection, if the debt or any part of it be then due, or within two months after some part of it becomes due, or be forever barred from maintaining an action thereon. Except as is otherwise provided by law, no action shall be maintained thereon after such period, by a person deriving title thereto from such claimant."

Counsel for appellee also refers to §10509-112 GC, which it is contended should be read in connection with Subsection 133. Subsection 112 reads as follows:

"Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation. Any claim presented after the time herein provided shall not prevail as against bona fide purchasers or as against executors and administrators who have acted in good faith, or against a surviving spouse who has made election to take under the will or at law, and, except as to negotiable instruments maturing subsequent to the expiration of such time, any such late claim shall not prevail as against bona fide distributees."

It has been very definitely determined by the courts in Ohio that Subsection 133 is a statute of limitation, and where the personal representative of a decedent rejects claim, the claimant must, within two months thereafter, commence his suit for re-

covery against such personal representative or be forever barred from maintaining an action thereon. If any authorities are necessary to support this principle, we would cite the rather recent case decided by the Supreme Court of Ohio, entitled **State ex rel v Bremer, 130 Oh St 227, Syllabus 3.** Also **25 O. Jur. (Limitation of Actions), page 571, §222; 18 O. Jur. (Executors & Administrators), §§289, 298,** with notes thereunder. Also refer to Cumulative Supplement, under the same sections.

It is obvious that plaintiff's action was not commenced within two months following the rejection of the original claim; it is equally obvious that the action was commenced within two months following the rejection of plaintiff's amended or second claim.

It also appears that both claims were presented within four months following the date of defendant's appointment as executor, as is required under **Subsection 112 GC,** supra.

It is our conclusion that under the facts in the instant case, **Subsection 112 GC,** supra, has no bearing or control on **Subsection 133.**

On this issue of limitation of action, the sole and only question is whether or not the filing of the second or amended claim prevented the running of the two months' limitation provided in **Subsection 133 GC,** supra, after the rejection of the original claim.

No provision whatever is made under the Ohio Code for filing an amended claim. Whatever right exists to so do would have to be determined as inherent. The exhaustive efforts of counsel fail to find any Ohio cases even bearing inferentially upon the question. In addition, we have made a search, but without avail.

We are referred to some cases in other jurisdictions where the courts have dealt directly with the problem under similar statutes of limitation.

A case very similar in its facts is that of Titus v Poole, et, (New York, 1895), 40 N. E. 228. Syllabus 1 reads as follows:

"1. The fact that one who presented a claim against a decedent, as arising out of the latter's fraud in selling a worthless stock certificate, subsequently, after rejection of the claim, presents it as founded on decedent's warranty of the stock's par value, does not prevent Code Civ. Proc. No. 1822, requiring actions on claims against decedents to be brought within six months after their rejection, from commencing to run against the claim upon its rejection as first presented."

Under the statement of the case it is disclosed that the plaintiff's first claim was predicated on fraud and deceit, whereas the second claim was based on warranty. The pertinent question is further elucidated on page 230 of the opinion, as follows:

"The plaintiff, therefore, by the presentation of his original claim, under the statute subjected himself to the conditions which attached on its rejection, and thereupon the statute commenced to run against any cause of action founded upon the transaction embraced in the claim, whether an action for deceit or for breach of warranty. The party who presents a claim which is rejected cannot be permitted to evade the statute of limitations by successive presentations of claims founded on the same transaction, but varying in form or detail. The case is therefore to be considered as if the claim had been but once presented, at a period more than six months prior to the commencement of the present action."

The Supreme Court of Montana, in 1919, had under consideration a kindred situation in the case of Lindsay v Hogan, 185 Pacific, 1118. Syllabi 1, 2 and 3 read as follows:

"1. When a claim has once been presented in proper form and rejected, the claimant cannot evade Rev. Codes, No. 7530, requiring claimant to bring suit against administrator within three months, by making another presentation, differing from the former only in form and detail.

2. If a creditor attempts to present his claim against estate of decedent, and for some reason it is not presented in proper form, he may again present the claim in due form, provided he does so before the time has elapsed in which claims may be presented.

3. A presentation of a claim stating an impossible date is nugatory, and rejection thereof does not preclude claimant from presenting it in proper form, and its rejection thereafter starts the three month period prescribed by Rev. Codes, No. 7530, for bringing suit against the administrator."

Syllabus 2 suggests the inquiry as to what would be the scope of the words "not presented in proper form". The opinion contains the recital that the first claim listed the services as having been rendered between April 15 and May 25, in 1915, whereas they had been rendered in the year 1914. The date 1915 was subsequent to the death of the decedent, and this is the basis for the statement made in the syllabus and the opinion that the claim as presented stated an impossible date. It was the holding of the court that the setting out of this impossible date rendered the presentation nugatory, and hence would permit the presentation of a proper claim, in correct form.

In the instant case the form of the first claim was proper. The purpose of the second claim was to increase the amount, although there is some slight change in the verbiage as to the services performed.

In the first claim it was for "nursing and general care", whereas in the second claim it was for "housework, office work and nursing". The dates were the same. We find no evidence in the transcript of testimony supporting any charge for office work.

Under the factual situations in the instant case we determine that the designation housework and nursing, as stated in the second claim, would be encompassed under the words nursing and general care, as set out in the first claim. Mr. August Bartel, an aged man, living alone, was injured in an automobile accident and died 363 days thereafter. He lived in his own home. The plaintiff was neither a trained nor a practical nurse, but allegedly performed some of the services that would be performed by a wife or maid living in the home or attending the decedent. In addition the plaintiff allegedly took care of the yard. The words "general care" in our judgment would include all these services, had plaintiff brought suit on his first claim.

We are also referred to the case of Caterpillar Tractor Co. v Churchill (Texas), 40 S. W. (2d), 971.

The plaintiff company presented its claim to the administratrix on two notes, in the sum of $2021.01, which claim was rejected on the claimed ground that the notes were barred by the statute of limitation. The rejection was on February 25, 1930, and the petition was filed May 21, 1930. On June 14, the company presented a new or amended claim, making a part thereof letters which it claimed operated to avoid the bar of the statute of limitation. Following the rejection of the new or amended claim, the company, on June 22, 1930, filed an amended petition in which it declared on its new or amended claim. The Court of Civil Appeals of Texas, on page 972 of the opinion, after setting forth that the administratrix was justified in rejecting the original claim because on its face it appeared to be barred by the statute of limitation, said:

"But we do not think such rejection deprived appellant of the right it thereafter, to-wit, on June 14, 1930, exercised, when it amended its claim by making the letters a part thereof and presented same as amended to appellee for allowance. And we do not think the fact that appellant had theretofore, to-wit, on May 21, 1930, commenced this suit was a reason justifying appellee in rejecting the claim as amended. The cause was tried on an amended petition filed June 22, 1930, based on the amended claim presented to appellee June 14, 1930, and rejected by her. There was no legal reason why, had appellant seen proper to do so, it could not have dismissed its suit on the claim

as it was when first presented and have maintained a new suit on the claim as it was when last presented. The fact that appellant might have done that and did not, was not a reason why it could not by an amended petition abandon its suit so far as it was on the claim as first presented to appellee, and instead sue on the claim as presented to her June 14, 1930."

On motion for rehearing, the court stated that it may have been in error in saying that the claimant might have dismissed the suit on the first presentation and maintained a new suit on the second presentation, and further states as follows:

"As a matter of fact, the suit on the claim as it appeared to be when first rejected was not dismissed, but was continued on the claim as it appeared to be when last rejected by the amended petition filed within 90 days after such last rejection. The truth being that the claim was not barred when presented for allowance, we think that one of two things was necessarily true —either (1) the suit, having been commenced within 90 days after the claim was first rejected, was maintainable on the notes and appellant was entitled to prove they in fact were not barred at the time it presented the claim; or else (2) appellant by said amended petition was entitled to maintain the suit on the renewals evidenced by the letters as another and different claim from the one first presented."

We would have some difficulty in following the Texas Court of Appeals in part of this pronouncement, but do think that it was correct when it states "the suit having been commenced 90 days after the claim was first rejected it is maintainable on the notes and appellant was entitled to prove they in fact were not barred at the time it presented the claim."

We are also referred to the case of Willis v Talbert (Texas), 11 S. W. 535.

Gleaning what help we can from the decisions in other states, and having in mind the decisions in our own state as to the strictness with which our limitation statutes have been construed, it is our conclusion that the rule of reason requires the following enunciation as the law of Ohio:

Claims against estates in legal form when rejected by the personal representative, must be sued upon within two months following the rejection, as required under §10509-133 GC.

Amendments may be made on such claims at any time before the expiration of the two months' period of limitation.

The amendment will not extend the time for bringing action.

Claimants desiring to make amendment may protect themselves from the time limitation by presenting same immediately to the personal representative with demand for endorsement of allowance as provided under §10509-113 GC. Upon the refusal of the personal representative to make such endorsement of allowance, it becomes at once a disputed or rejected claim.

Sec. 10509-112 GC which contains, among other things, the provision that claims must be presented to the executor or administrator within four months after the date of his appointment, does not have the effect of extending the time for bringing action after claim is rejected, but such action must be commenced within two months, as provided in §10509-133 GC. Claimant has four months within which to present his claim, but when presented and rejected, either by direct action of the administrator or executor or by operation of law under §10509-113 GC, the two months' period of limitation starts to run.

Counsel for appellee raise the further question that the administrator's rejection of his first claim was not definite and unequivocal. The law is well defined that the rejection of a claim by an executor or administrator must be plain and unequivocal in order to

start running the statute of limitations. 68 U. S. 186.

The record and bill of exceptions do not support plaintiff's contention. The pertinent portion of plaintiff's reply reads as follows:

"That defendant requested an itemized statement of said claim and that the original claim was rejected on the 25th day of February, 1935."

On page 115 of the bill of exceptions there is a stipulation that defendant's Exhibit C, being the first claim of Richard Chronerberry, verified under oath, was introduced in evidence, and then the following:

"It is stipulated that this claim was rejected by the executor on February 25, 1935."

The fact that the defendant requested that the claim be itemized, regardless of when made, would not argue against the rejection being plain and unequivocal.

Under the undisputed facts and the law as we determine it, we are constrained to the view that the court was in error in not entering judgment for the defendant notwithstanding the verdict.

Coming now to enter the judgment that the trial court should have entered, we decree that judgment be entered for defendant and plaintiff's petition dismissed.

Costs will be adjudged against the appellee.

Our holding being determinative of the entire case, it is unnecessary to pass on the other assigned errors.

Entry may be drawn in accordance with the above findings.

HORNBECK, PJ. & GEIGER, J., concur.

## APPLICATION FOR REHEARING

No. 394. Decided July 26, 1940.

BY THE COURT:

The above entitled cause is now being determined on appellee's application for rehearing and oral presentation.

Counsel's application is predicated on the sole claim that they were denied the right to oral argument. The notes on our docket, made on March 13, 1940, when our court met in Miami County, differ somewhat from counsels' recollection that the case was to be set for oral hearing in Dayton at the convenience of counsel for all parties and the court. The only notation on our docket was that the cause was passed for call, which, according to our interpretation, would be when counsel were ready we would be advised and an assignment made for oral presentation if desired.

Some time in June the entire file was forwarded to our office in Dayton, and as we understand, the case submitted on briefs, oral argument being waived, and the case was marked submitted as of date June 18, 1940.

It is never our purpose to deprive counsel of the right to oral argument and if we are in error in our understanding that the case was submitted on briefs, the right to oral argument will be granted, although we fail to see how the oral argument can be advantageous to counsel.

The case was well briefed and we think we fully understand the claims of counsel as presented.

Evidently the file was sent to Dayton by the Clerk of Courts, and it is hard to understand how your very efficient Brooks Johnson, Clerk of Courts, would send the file out without instructions from counsel on both sides. If it can be demonstrated that we were under misapprehension as to the case being submitted on briefs, oral argument waived, and if counsel still desire, application for rehearing will be granted

and the case assigned at some future date for oral argument; otherwise, the application for rehearing will be denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.