**DOUGLASS, Estate of, In re.**

Probate Court, Preble County.

No. 18506.   Decided July 15, 1957.

Lloyd B. Bennett, Eaton, for the movant.
Donald L. Ferris, Hamilton, for the administrices.

**OPINION**

By ZIEGEL, J.

This matter pends upon a motion filed by Kramer Brothers asking that the former order of this court settling the final and distributive account of the administratrices of the Estate of Earl Faulk Douglass, deceased, be vacated and set aside. While the motion filed does not so state, it is apparent that it was filed under the provision of §2109.35, sub-paragraph (C), R. C., which provides, inter alia, that an order settling an account may be vacated for good cause shown if filed within one year after the movant acquires knowledge of such proceedings and in any event within three years after such order is made. In this case the account in question was settled on October 16, 1956, and the motion to set the settling order aside was filed on April 2, 1957.

The facts upon which the motion is based, and which are admitted by all parties concerned, are as follows: Administratrices were appointed for the decedent's estate on July 25, 1955. Thereafter, on November 11, 1955, within four months, Kramer Brothers presented its claim against this decedent's estate in the amount of $130.50, with interest thereon at the rate of 6 percent per annum from September 1, 1951. On November 19, 1955, the attorney for the administratrices mailed a letter to the attorney for the claimant, which is admitted having been received, the important part of which reads as follows:

"Mr. Douglass, according to Mrs. Rodeffer (one of the administratrices), never spoke of this particular item of Kramer's work without becoming highly incensed, and since he, for almost four years refused to pay the claim, the administratrices feel that they too should deny the claim.

"If it is acceptable to your clients to settle this claim for $50.00, I will recommend that the administratrices pay that much in order to avoid litigation. Let me know what is decided."

Neither the claimant nor its attorney made any reply to this letter. Thereafter, on January 17, 1956, a Schedule of Claims was filed which indicated that this claim was rejected on November 19, 1955. The final and distributive account was filed on August 22, 1956, and was settled on October 16, 1956, with the fiduciaries being discharged and their bond released. Nothing was paid on the claim. When the claimant's attorney learned of the settling of this account, he filed the motion in question.

The movant-claimant contends that it never received any notice that its claim was rejected as provided by the statute; that, while it could have demanded an acceptance or rejection, it had no duty so to do; that it was up to the administratrices to notify it whether the claim was accepted or rejected; that until it was notified of a rejection it was not in a position to bring suit on the claim as provided in §2117.12 R. C.; that unless the settlement of the accounting in question is vacated and the administratrices restored to their former capacities, there is no one

who can either accept or reject its claim, and further there is no one whom it can sue if the claim is rejected. The administratrices argue that the claim was already rejected, that the two month period for bringing suit provided for in §2117.12 R. C., has elapsed and that therefore the claim is forever barred.

The question for the Court to determine is whether the claim presented has been rejected or whether it should be considered as still pending.

Sec. 2117.06 R. C., provides for the presentation of claims of creditors, and provides further that "In the absence of any prior demand for allowance, the executor or administrator shall allow or reject all claims within thirty days after their presentation." Failure of the executor or administrator to act, however, raises no presumption. The same section of the Revised Code goes on to state that "failure of the executor or administrator to allow or reject within said time shall not prevent him from doing so thereafter nor shall it prejudice the rights of any claimant." In other words, the thirty day provision is directory rather than mandatory.

Sec. 2117.11 R. C., provides that "A claim is rejected if the executor or administrator, on demand in writing by the claimant for an allowance thereof within five days, which demand may be made at presentation or at any time thereafter, fails to give to the claimant, within such period, a written statement of the allowance of such claim." It is to be noted from the use of the word "may" that a claimant does not have any duty to make any demand on the executor or administrator. A presumption of rejection of a claim arises only if such a demand is made. In the instant case, the claimant made no demand for action, and it was under no obligation to do so.

Sec. 2117.11 R. C., provides that "An executor or administrator shall reject a creditor's claim against the estate he represents by giving the claimant written notice of the disallowance thereof. Such notice shall be given to the claimant personally or by registered mail with return receipt requested, addressed to the claimant at the address given on the claim. Notice by mail shall be effective on delivery of the mail at the address given. A claim may be rejected in whole or in part. A claim which has been allowed may be rejected at any time thereafter." While, in the instant case, the provision with regard to communication by registered mail was admittedly not complied with, this Court does not believe that fact is material. Claimant's attorney admits receiving the letter a part of which is quoted above. The purpose of the statute in specifying registered mail return receipt requested is to provide a conclusive method of showing a rejection. It is not intended to be a sole method of rejection. Compare **Stambaugh v. Smith, 23 Oh St 584 at 594.**

The fact that the letter was admittedly received is the important thing.

Therefore, the sole question to be determined is whether the letter in question amounted to a rejection of the claim.

It is well settled that to constitute rejection of a claim something must be done by the administrator to show that he does not intend to pay the claim. The rejection must be plain and unequivocal. **22 O. Jur.**

2d, 678, par. 314; Stambaugh v. Smith, 23 Oh St 584 at 594; Miller v. Ewing, 68 Oh St 176 at 186, 67 N. E. 292; Cement Co. v. Bank, 20 Oh. C. C. (ns) 323; 31 C. D. 354; Martin v. Spellman, 30 Abs 225; Chronerberry v. Bartel, 32 Abs 284.

In Cement Co. v. Bank, supra, the decedent was a co-indorser on a note which had been discounted at the Bank. Upon non-payment when due, the Bank protested to decedent's administrator. His reply was to effect that he did not want to pay the note, and that the Bank should go against the other indorser and the maker of the note. The appellate court held that such a reply did not constitute a rejection of the claim. It pointed out that there must be something done by the administrator to show he does not intend to pay the claim. Merely indicating that one does not want to pay a claim is not sufficient.

In Martin v. Spellman, supra, almost a case in point, decedent's doctor filed a claim for $3,000.00 for medical services rendered to the decedent with his administrator. The administrator wrote the doctor to the effect that since the claim was not itemized he would have to reject it. However, he went on to say that if an itemized account were submitted he would reconsider it. Thereafter, the itemized account was submitted, and was promptly rejected. The doctor brought suit within the statutory period after the rejection of the itemized claim, but not within the time limit of the rejection of the original unitemized claim. The Second District Court of Appeals held that "the rejection by an administrator of a claim must be unequivocal in order to start the time running within which an action on the claim must be commenced," and that since the communication on the unitemized claim, although specifically stating that that particular form of claim was rejected, left the claimant with an opportunity to resubmit his claim in a different form for reconsideration, such communication did not constitute an unequivocal rejection.

The letter in the instant case in the first paragraph quoted above specifically rejects the claim. In the next paragraph, however, there is an equivocation, when an offer to settle the claim for a lesser amount than demanded is made. That such offer is made "to avoid litigation" is not important. The matter is still left open for negotiation. The administratrices' attorney's concluding sentence is: "Let me know what is decided." They expected to hear further from the claimant. There is thus no unequivocal rejection of the claim here. Movant's claim neither having been rejected nor accepted, the matter still pends.

While neither the claimant nor its attorney are to be complimented for their failure to answer the administratrices' attorney's letter, their failure raises neither a presumption of rejection nor a bar to the claim. See In re Estate of Heimberger, 6 O. O. 51. The claim not having been rejected, the statute of limitations set forth in §2117.12 R. C., for bringing suit on the claim has not as yet started to run. In re Estate of Lamberton, 142 Oh St 417; 27 O. O. 356, 52 N. E. (2d) 855.

Since the claim in question was neither rejected nor accepted, the administratrices of the Estate of Earl Faulk Douglass, deceased, have not completed their work. In order for them to finish their task, they must

be reinstated. The motion to vacate the order settling the account and discharging the administratrices having been filed by a person affected thereby who was a party to the proceedings wherein such order was made solely by reason of his having been served by publication in a newspaper within the three year time limit set forth in §2109.35 R. C., said motion will be sustained. An order vacating the account reinstating the administratrices will be prepared by the attorney for the movant. Such order will provide that the administratrices surety, who is also a party to these proceedings, likewise be reinstated.