OPINION
{¶ 1} Appellant, T.W., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, denying her motion to withdraw her admission to delinquency charges. We affirm the juvenile court's decision.
 {¶ 2} On October 26, 2005, Fairfield Police Officer Tom Wolf filed a complaint in the juvenile court, alleging appellant delinquent for committing theft in violation of R.C. 2913.02 and misuse of credit cards involving less than $500 in violation of R.C. 2913.21. On December 5, 2005, appellant entered a plea of "true" to the theft offense, and the credit card offense was merged with the theft offense under an agreement that appellant would pay restitution to the victim. The court engaged appellant in a colloquy pursuant to Juv.R. 29(D), and accepted appellant's true plea. The court then ordered appellant committed to the Department of Youth Services ("DYS") for a minimum period of six months to a maximum period not to exceed appellant's 21st
birthday, ordered appellant to serve a 16-day detention in the Butler County Juvenile Detention Center, and ordered appellant to pay restitution. However, the court suspended appellant's commitment to DYS on the condition that appellant successfully comply with the terms of official probation, and the court held that it would consider dismissing the charges pursuant to Juv.R. 29(F)(2)(d) on June 9, 2006.
 {¶ 3} On December 15, 2005, appellant filed a motion to withdraw her admission of true, and the trial court denied her motion. Appellant appeals, raising a single assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT BY REFUSING TO PERMIT THE DEFENDANT TO WITHDRAW HER ADMISSION TO THE CHARGES FILED."
 {¶ 5} In support of her assignment of error, appellant's sole argument is that the juvenile court abused its discretion in failing to allow her to withdraw her plea of true after the judge allegedly violated Canon 3(C) of the Code of Judicial Conduct. Appellant maintains the juvenile court judge should have disqualified himself after he became aware that the victim is married to an attorney with whom he has a professional relationship.
 {¶ 6} Initially, we note that a judge is presumed not to be biased or prejudiced, and a party alleging bias or prejudice must present evidence to overcome the presumption. Wardeh v.Altabchi, 158 Ohio App.3d 325, 2004-Ohio-4423, ¶ 20, citing Inre Disqualification of Kilpatrick (1989), 47 Ohio St.3d 605. "The existence of prejudice or bias against a party is a matter that is particularly within the knowledge and reflection of each individual judge and is difficult to question unless the judge specifically verbalizes personal bias or prejudice toward a party." Id.
 {¶ 7} However, only the Ohio Supreme Court has the authority to decide whether a common pleas court judge is biased or prejudiced. Beer v. Griffith (1978), 54 Ohio St.2d 440,441-442. If appellant believed that the juvenile court judge was biased or prejudiced against her, her remedy was to file an affidavit of disqualification for prejudice with the clerk of the Ohio Supreme Court pursuant to R.C. 2701.03. The record in this matter does not indicate that appellant has filed such an affidavit.
 {¶ 8} Even if this issue were properly before this court, we have reviewed the record and find no evidence of prejudice on the part of the juvenile court. Accordingly, appellant's assignment of error is overruled.
 {¶ 9} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.