DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court granting appellee's motion for a nunc pro tunc on August 8, 2008. The disputed nunc pro tunc effectively reversed the trial court's original decision dismissing the underlying case issued on October 20, 2006. For the reasons that follow, this court reverses the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following sole assignment of error: *Page 2 
 {¶ 3} "Assignment of Error No. 1:
 {¶ 4} "The trial court abused its discretion and erred as a matter of law in granting Appellee's `Motion for Order Nunc Pro Tune'."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On or about June 3, 2002, appellant's vehicle was traveling northbound on Lewis Avenue directly behind appellee's vehicle. Appellant's vehicle collided with appellee's, with minor injuries being sustained in a rear impact collision. On January 11, 2006, appellee filed a negligence complaint against appellant in connection with the collision. Several case status conferences were scheduled and continued. Appellee and his counsel failed to appear at a case status hearing set on October 20, 2006, and the court dismissed the case on the same day.
 {¶ 6} Appellee filed a motion for an order nunc pro tunc with the Toledo Municipal Court on January 4, 2007. The crux of the requested nunc pro tunc was a reversal of the never appealed October 20, 2006, case dismissal. The court granted appellee's motion and reversed the October 20 judgment of dismissal. Appellant filed a timely notice of appeal.
 {¶ 7} In his sole assignment of error, appellant asserts that the trial court abused its discretion by granting appellee's motion for an order nunc pro tunc. In support, appellant argues the trial court erred in exceeding the permissible scope of Civ. R. 60(A) *Page 3 
by granting appellee's motion. Appellant contends that this constitutes an abuse of discretion.
 {¶ 8} The record shows that neither appellee nor his counsel were present at the October 20 hearing. In response, the trial court dismissed appellee's claim against appellant. This dismissal was not appealed. Nearly three months later, the trial court granted appellee's motion for an order nunc pro tunc, expressly reversing the never appealed October 20 judgment of dismissal.
 {¶ 9} Under Ohio law, it is well established that "it is within the trial court's discretion to correct mistakes under Civ. R. 60(A), and its decision will not be reversed absent an abuse of that discretion."Bobb Forest Products, Inc. v. Morbark Industries, Inc.,151 Ohio App.3d 63, 77, 2002-Ohio-5370, ¶ 27. The Ohio Supreme Court has determined "[a]n abuse of discretion * * * implies that the trial court acted unreasonably, arbitrarily, or unconscionably." Id., citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In conjunction with the above guiding legal principles, it is well-settled that the proper function of a nunc pro tunc order is to "correct errors which are clerical in nature." Green v. Ken's FlowerShops (Nov. 10, 1994) 6th Dist. No. L-94-088, citing McKay v. McKay
(1985), 24 Ohio App.3d 74, 75. A nunc pro tunc order does not "operate to deprive * * * any rights which the previous order had accorded * * * nor make that order any less final * * *." Id., citing Perfec. Stove Co.v. Sherber (1929), 120 *Page 4 
Ohio St. 445, 448. The essential difference "between clerical mistakes that can be corrected under Civ. R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of `blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because * * * it has decided to exercise its discretion in a different manner." Kuehn v. Kuehn (1988),55 Ohio App.3d 245, 247, See, also, Wardeh v. Altabchi,158 Ohio App.3d 325, 331, 2004-Ohio-4423, ¶ 10.
 {¶ 11} Appellant argues the trial court's granting of appellee's motion nunc pro tunc constitutes an abuse of discretion. In support, appellant claims that the evidence shows that the order did not merely correct a clerical error or inadvertent omission. On the contrary, it reversed the prior substantive judgment of the court. As such, the court impermissibly acted outside the scope of Civ. R. 60(A).
 {¶ 12} This court has carefully reviewed the record of evidence. The record clearly shows that the nunc pro tunc directly vacated a prior, conclusive judgment. Moreover, the record shows that neither appellee nor his counsel attempted to appeal the trial court's October 20 judgment of dismissal. In Ohio, it is well-settled that Civ. R. 60(A) does not authorize "[s]ubstantive changes in orders, judgments or decrees" and shall not be used to change a deliberate decision of the court. Musca v. Chagrin Falls (1981), 3 Ohio App.3d 192, paragraph one of the syllabus. See, also, Dentsply Internatl, Inc. v. Kostas (1985),26 Ohio App.3d 116, 118. In granting a nunc pro tunc order which *Page 5 
operates to reverse a deliberate, adjudicatory decision, the trial court arbitrarily exceeded the scope of Civ. R. 60(A). This constitutes an abuse of discretion. The undisputed facts in the record show that all parties considered the motion to be a Civ. R. 60(A) order nunc pro tunc which is "limited in proper use to reflecting what the courtactually decided, not what the court might or should have decided or what the court intended to decide." State ex rel. Litty v.Leskovyansky (1996), 77 Ohio St.3d 97, 100. (Emphasis added.) Appellant's assignment of error is well-taken.
 {¶ 13} Wherefore, the judgment of the Toledo Municipal Court is reversed. Pursuant to App. R. 24, appellee is ordered to pay the costs of this appeal. Judgment for the clerk's expenses incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGEMENT REVERSED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, P.J., and Thomas J. Osowik, J. CONCUR. *Page 1