[Cite as *Alden v. FirstEnergy Corp.*, 2014-Ohio-3235.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100575**

---

# ANDREA ALDEN

PLAINTIFF-APPELLEE

vs.

# FIRSTENERGY CORP., ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
VACATED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-728671

**BEFORE:** Blackmon, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEYS FOR APPELLANTS**

Elise B. Ice
Stephanie E. Trudeau
Ulmer & Berne, L.L.P.
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113


**APPELLEE**

Andrea Alden, pro se
P.O. Box 497
Leavittsburg, Ohio 44430

PATRICIA ANN BLACKMON, J.:

{¶1} Appellants FirstEnergy Corporation, Cleveland Electric Illuminating Company, Kenneth Yagar, and Pasqual Cassano (collectively referred to hereinafter as "FirstEnergy") appeal the trial court's nunc pro tunc order and assign the following error for our review:

> The trial court did not have jurisdiction to enter the nunc pro tunc order in the underlying case because that case had been dismissed with prejudice.

{¶2} After reviewing the record and relevant law we vacate the trial court's nunc pro tunc order. The apposite facts follow.

{¶3} On June 7, 2010, appellee Andrea Alden filed a complaint against her former employer, FirstEnergy, alleging claims of sexual harassment, sexual discrimination, retaliation, and intentional infliction of emotional distress.

{¶4} On April 21, 2011, Alden filed a motion to continue the trial that was scheduled for May 23, 2011. The trial was continued until June 20, 2011. The trial was later rescheduled to begin on March 26, 2012. On the Friday before the March 26, 2012 trial date, Alden filed a second motion to continue the trial. The trial court granted the motion and trial was rescheduled for May 7, 2012. On May 3, 2012, Alden filed a third motion to continue the trial date, and her counsel also filed a motion to withdraw from the case.

{¶5} The trial court ordered Alden and FirstEnergy to appear before the court on the trial date to discuss the matters. As a result, on May 8, 2012, the trial court issued an order that granted Alden's attorney's motion to withdraw and also ordered as follows:

> Andrea Alden's motion to continue trial, filed 5/03/2012 is granted. Plaintiff is hereby granted leave through August 7, 2012 to obtain new counsel. New counsel shall file a notice of appearance with the court. Pretrial is hereby set for August 8, 2012 at 1:00 p.m. This court will set a new discovery and trial schedule with counsel at the August 8, 2012 pretrial. *Plaintiff is required to appear at the pretrial regardless of whether or not she obtains new counsel. Failure to appear at the pretrial will result in dismissal with prejudice for failure to prosecute in accordance with Ohio Civ.R. 41(B).* (Emphasis added.)

{¶6} Alden failed to appear at the August 8, 2012 pretrial. She sent a letter to the court stating she would not be able to attend because she moved out of state for a job opportunity and was unable to obtain counsel to represent her from a distance. In the letter, Alden failed to state where she currently lived or where she was working. On August 8, 2012, FirstEnergy filed a motion to dismiss for failure to prosecute. In the motion, counsel requested that the dismissal be "with prejudice."

{¶7} On August 22, 2012, the trial court issued the following journal entry:

> Defendant(s) FirstEnergy Corp, Cleveland Electric Illuminating Company, Kenneth Yager, and Pasqual J. Cassano's motion to dismiss for failure to prosecute pursuant to Civ.R. 41(B) filed 08/08/2012 is granted. Case is hereby dismissed. Court costs assessed to plaintiff.

{¶8} On August 5, 2013, almost a year after the dismissal, Alden filed a new complaint, alleging the same causes of actions and claims against the same parties. FirstEnergy filed a motion to dismiss because the previous case had been dismissed with

prejudice. While the motion was pending, the trial court entered the following nunc pro tunc order:

> Nunc pro tunc entry as of and for 8/22/12 entry. "Case is hereby dismissed" should read as follows: Case is dismissed without prejudice and removed from the court's active docket.

The court then denied FirstEnergy's motion to dismiss. FirstEnergy filed a motion to vacate and strike the nunc pro tunc order. The trial court did not rule on the motion because FirstEnergy filed its appeal several days later. FirstEnergy has not requested that we remand the matter for the trial court to consider the motion.

## Nunc Pro Tunc

{¶9} In its sole assigned error, FirstEnergy argues the trial court was without jurisdiction to issue its nunc pro tunc order.

{¶10} In *Scaglione v. Saridakis*, 8th Dist. Cuyahoga No. 91490, 2009-Ohio-4702, this court reiterated the longstanding rule of the use of nunc pro tunc as follows:

> A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors.
>
> A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide.

*Id.* at ¶ 9, quoting *State v. Greulich*, 61 Ohio App.3d 22, 24-25, 572 N.E.2d 132 (9th Dist.1988).

{¶11} "A dismissal for want of prosecution is 'with prejudice,' unless the court expressly states otherwise in its order. Civ. R. 41(B)." *Pelunis v. G.M. & M.M.*, 8 Ohio App.3d 194, 456 N.E.2d 1232 (8th Dist.1982)   In the instant case, the trial court's order dismissing the case was silent as to whether the dismissal was with or without prejudice. Therefore, the dismissal was "with prejudice."   Moreover, the surrounding facts indicate that the trial court dismissed the case with prejudice.   The trial court had warned Alden that her case would be dismissed "with prejudice" if she failed to appear at the pretrial, and FirstEnergy's motion, which the trial court granted, requested that the dismissal be with prejudice.

{¶12} Various courts have held that a nunc pro tunc cannot be used to change a dismissal with prejudice to a dismissal without prejudice because the change is substantive and not clerical. *McGowan v. Giles*, 8th Dist. Cuyahoga No. 76322, 2000 Ohio App. LEXIS 1006 (Mar. 16, 2000);   *Dunn v. Marthers,* 9th Dist. Lorain No. 05CA008838, 2006-Ohio-4923; *State v. Ritchie*, 2d Dist. Montgomery No. 24088, 2011-Ohio-2566.   The trial court cannot use a nunc pro tunc as a vehicle for changing its decision.   *Home S. & L. Co. v. Great Lakes Plaza, LTD.*, 11th Dist. Lake Nos. 2011-L-168, 2011-L-169, 2011-L-170, and 2011-L-171, 2012-Ohio-3420, ¶ 14; *Wardeh v. Altabchi*, 158 Ohio App.3d 325, 2004-Ohio-4423, 815 N.E.2d 712, ¶ 10 (10th Dist.).

**{¶13}** Alden argues the top left corner of the journal entry indicates the dismissal was without prejudice; however, this entry was made by the court clerk and not the trial court. A review of the docket shows that the trial court's decision does not include the dismissal was without prejudice. Accordingly, we conclude the trial court erred by issuing the nunc pro tunc order. FirstEnergy's sole assigned error is sustained.

**{¶14}** Judgment vacated.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the court of common pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR