[Cite as *In re Estate of Fields*, 2016-Ohio-5358.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re Estate of Jacquie R. Fields, Decd.          Court of Appeals No. WD-15-019

                                                  Trial Court No. 20121285

                                                  **DECISION AND JUDGMENT**

                                                  Decided:  August 12, 2016

* * * * *

Rodney Geren, pro se.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} In this case, appellant, Rodney Geren, acting pro se, appeals a decision by the Probate Division of the Wood County Court of Common Pleas.  Appellant challenges the probate court's denial of his motion to reopen his late mother's estate.  The court denied the motion based upon the absence of a suitable person to administer it.  Appellant also challenges the court's declaration that another court, the General Division of the

Wood County Court of Common Pleas, had exerted jurisdiction in a tax foreclosure action involving decedent's real estate.

{¶ 2} For the reasons that follow, we see no error with the probate court's reference to the foreclosure action. We do find error, however, with the court's failure to appoint someone to administer the estate. Accordingly, we reverse that part of the judgment, and we remand this case with the instruction that the court appoint a "suitable person," pursuant to R.C. 2113.05, so that the estate can be administered according to the terms of decedent's last will and testament.

## II. Procedural History and Statement of Facts

{¶ 3} This matter concerns the estate of Jacquie R. Fields, who died testate on January 26, 2012. A copy of decedent's last will and testament was admitted to the probate court on September 5, 2012. Decedent named her sons, Robert Geren and appellant, Rodney Geren (hereinafter "appellant") as co-executors. At the time, the co-executors were represented by counsel. The will bequeathed all real and personal property to her sons.

{¶ 4} Soon after the will was admitted, the attorney moved to withdraw from the case, citing a conflict of interest. Then, each of the sons moved to have the other removed as executor. Robert, who was represented by personal counsel at the time, alleged that appellant removed fixtures from the home, including the furnace, hot water heater, stove, air conditioning unit, furniture, and appliances, rendering the home uninhabitable.

2.

**{¶ 5}** On February 27, 2013, following a hearing, the probate court removed both parties as executors. The court based its decision on the following: the brothers harbored "deep suspicions" of the other; both had removed personal property from decedent's home; and the required inventory of the estate had yet to be filed due to the parties' inability to work together. Finally, the court cited the following factor:

> Robert has a specific interest in the real estate of the decedent by virtue of his being a party to a land contract with the decedent to purchase one of the decedent's parcels of real estate. The debt owed on this parcel is an area of significant dispute.

**{¶ 6}** The probate court ordered all estate property frozen until an independent third party applied and was named administrator of the estate. In the absence of anyone applying for the position, the court ordered the estate closed on April 22, 2013.

**{¶ 7}** Over the next 21 months, appellant wrote a series of letters to the court, in which he asked the probate court to take various actions and/or to provide legal advice. Robert Geren also wrote to the court. The court took no action, however, citing the closure of the estate for want of an administrator. At issue in this appeal is appellant's February 2, 2015 motion to reopen the estate and letter to the court.

**{¶ 8}** In his motion, appellant complains that the court's failure to find a suitable person to administer the will was causing serious harm to himself and to the estate. Appellant alleged that Robert owed more than $50,000 to the estate, pursuant to the land contract and that he had been in arrears since 2009.

3.

{¶ 9} In a letter attached to the motion, appellant requested that the court enforce the terms of the land contract between the estate and Robert. Appellant also requested that the probate court intervene and stop the tax foreclosure case that was pending in the General Division of the Wood County Court of Common Pleas. Finally, appellant accused the probate court judge, the Honorable David E. Woessner, of personal bias against appellant.

{¶ 10} The last part of the February 2, 2015 filing is a copy of appellant's "Formal Objection to Sale of Land" filed in the foreclosure case. (Wood County Court of Common Pleas case No. 2015LF0021.) According to the docket for that case, the Wood County Treasurer filed a tax foreclosure action on January 26, 2015, seeking to foreclose on the property based upon unpaid property taxes in the amount of $4,288.02. The trial court entered a default judgment in favor of the county on July 10, 2015, and the property was sold to a third party on January 13, 2016.

{¶ 11} On February 10, 2015, the probate court ruled that it was not the appropriate court to resolve the land contact issue because the general division had jurisdiction over the real estate "purportedly giving rise to the alleged land contract." It further declined to reopen the estate based upon the continued absence of a suitable individual to administer it.

{¶ 12} Appellant timely appealed, acting pro se. He asserts eight assignments of error[1]:

---

[1] Appellant's brother, Robert Geren, did not participate in the appeal. We note that the state of Ohio, acting through the Wood County Prosecutor, filed a notice and legal

4.

### III.  Assignments of Error

1.  Probate Judge Woessner's claim(s) of his Court was/is not the proper authority to handle all issues involved in 2012-1285 is in error.

2.  Trial Court's inability to take proper measures to insure fairness to both heirs of the estate has caused serious damage to the Estate.

3.  Failure to control Robert L. Geren II's numerous actions to disrupt the Probate process and be unfairly enriched by his unlawful actions.

4.  Failure to instruct Prosecutor's Office to reclaim Estate property by Robert L. Geren II and Dawn A. Minnich (Dawn A. Geren).

5.  Personal bias and prejudices towards Rodney A. Geren.

6.  Failure to acquire proper counsel imposed to administer estate thus causing serious harm to Estate and unjustly enriching one Robert L. Geren II.

7.  Failure of Probate to allow money held in trust for the Estate to be paid to avoid foreclosure of major Estate property.

8.  Failure of Probate Court in its entirety of the Estate of Jacquie R. Fields.

---

memorandum that it was a *not* a party to the case.  It filed this notice, however, to explain that it had been served with the notice of appeal, either erroneously or as a courtesy, given a number of other pending matters involving appellant and/or the property at issue. Indeed, the state is not a party in this appeal.

## IV. Law and Analysis

### A. Appellant's Second and Fifth Assignment of Error

{¶ 13} In assignments of error Nos. 2 and 5, appellant claims that the probate court and specifically, Judge Woessner, exhibited bias and prejudice against him and failed to ensure a fair process. The basis for his claim appears to stem from a previous, unrelated matter involving Judge Woessner's appointment of a "medical guardian" for appellant.

{¶ 14} Appellant alleges that the judge allowed the guardian "to commit abuses of his Limited Powers" involving the mishandling of a check for $177 and indirectly causing appellant to be jailed for six months. As a result, appellant claims, though offers no evidence, that he filed a "complaint" against Judge Woessner in 2006 or 2007. Appellant appears to suggest that Judge Woessner is retaliating against him, all these years later, by refusing to reopen the estate or to halt the foreclosure process.

{¶ 15} This court does not have jurisdiction to vacate a trial court's judgment based on a claim of judicial bias. *Beer v. Griffith*, 54 Ohio St.2d 440, 441-42, 377 N.E.2d 775 (1978). In *Beer*, "the Ohio Supreme Court explicitly and unequivocally stated that, since only the Chief Justice or his designee may hear disqualification matters, the Court of Appeals is without authority to pass upon disqualification or to void the judgment of the trial court on the basis of judicial bias." *Holloway v. Holloway Sportswear, Inc.*, 3d Dist. Shelby Nos. 17-98-20 and 17-2000-18, 2001 WL 633792, *4 (June 7, 2001), citing *Beer* at 441-442.

{¶ 16} Moreover, even if we had jurisdiction to consider the assignments of error, appellant's claims are without merit. "'A judge is presumed not to be biased or

6.

prejudiced, and a party alleging bias or prejudice must present evidence to overcome the presumption.'" *Cline v. Mtge. Electronic Registration Sys., Inc.*, 10th Dist. Franklin No. 13AP-240, 2013-Ohio-5706, ¶ 33, quoting *Wardeh v. Altabchi*, 158 Ohio App.3d 325, 2004-Ohio-4423, 815 N.E.2d 712, ¶ 20 (10th Dist.). "'The existence of prejudice or bias against a party is a matter that is particularly within the knowledge and reflection of each individual judge and is difficult to question unless the judge specifically verbalizes personal bias or prejudice toward a party.'" *Id*. at ¶ 33, quoting *Wardeh* at ¶ 20. "A judge's rulings of law are legal issues, subject to appeal, and are not by themselves evidence of bias or prejudice." *Id*., citing *Okocha v. Fehrenbacker*, 101 Ohio App.3d 309, 322, 655 N.E.2d 744 (8th Dist.1995).

{¶ 17} There is no evidence of bias or prejudice by the probate court. Appellant's unsubstantiated accusation that he filed a complaint against Judge Woessner, even if true, is not evidence of improper conduct *by the judge*, and the court's rulings in this case do not lead to an inference of retaliation, as a matter of law, to overcome the presumption of judicial integrity. *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-12, 2014-Ohio-5484, ¶ 33. Appellant's second and fifth assignments of error are found not well-taken.

### B. Appellant's Sixth Assignment of Error.

{¶ 18} We next consider appellant's sixth assignment of error in which he alleges that the probate court erred in failing to appoint an administrator and in denying his motion to reopen the estate.

{¶ 19} A probate court has jurisdiction in probate and testamentary matters, the appointment of administrators, granting and revoking letters testamentary and of

7.

administration, and the settlement of accounts of executors and administrators. *Hoffman v. Fleming*, 66 Ohio St. 143, 64 N.E. 63 (1902). The decision whether to grant a motion to reopen an estate is within the discretion of a probate court. Wanamaker v. Davis, 2d Dist. Green No. 151, 2007-Ohio-4340, ¶ 34. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 20} Decedent named her sons to act as co-executors. Based upon their demonstrated contempt for one another, however, the probate court removed both of them, pursuant to its authority under R.C. 2109.24 and 2113.18. Neither party appealed that decision, and we do not revisit it now, other than to note that the absence of an executor in this case was caused by the brothers' refusal to cooperate with one another.

{¶ 21} The issue for this court to decide is, once the executors were removed, what was the duty of the probate court, if any, to initiate the process of finding a replacement.

{¶ 22} We begin with R.C. 2113.05, which provides in part,

> **Letters testamentary, letters of administration with the will annexed.** * * * If the executor named in a will * * * is otherwise disqualified, * * * letters of administration with the will annexed shall be granted to a suitable person or persons, named as devisees or legatees in the will, who would have been entitled to administer the estate if the decedent had died intestate * * **. Otherwise, the court shall grant letters of**

8.

**administration with the will annexed to some other suitable person.**

(Emphasis added.)[2]

{¶ 23} The only people identified in decedent's will are appellant and his brother, both of whom were disqualified. In that case, the statute directs that the court "shall" name "some other suitable person." A "suitable" person is one who is "reasonably disinterested in the estate and the legatees and beneficiaries under the will." *In re Estate of Young*, 4 Ohio App.2d 315, 316, 212 N.E.2d 612 (10th Dist.1964)

{¶ 24} We do not understand the probate court's failure to act in this case. The court closed the estate in April of 2013. Over the next two years, on four occasions, the court issued similar judgment entries, indicating that "no further action will be taken in the estate until properly reopened and appropriate fiduciary appointed to take required legal steps." (January 29, 2014.) The court expressed no willingness to initiate the process of finding and naming an independent person, including in its most recent judgment entry that is at issue herein, dated February 2, 2015. While the administration of the estate stalled, however, decedent's real estate, that is subject to her last will and testament, was foreclosed upon.

---

[2] R.C. 2113.06, applicable to the administration of an estate of an intestate, contains a similar provision. R.C. 2113.06(C) provides,

> If there are no persons entitled to administration, or if they are for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority shall be lost, and the court shall commit the administration to some suitable person who is a resident of the state * * *.

9.

**{¶ 25}** Given that no inventory was ever filed, it is unknown what assets, if any, remain in the estate. We see no reason, however, for it to languish any further. The statute directs that the probate court "shall" grant letters of administration to a suitable person. We interpret that to mean that, after a reasonable time had elapsed, and no one had come forward to serve as administrator, the probate court should have taken on the responsibility itself and found a suitable person.

**{¶ 26}** The closest case on point is *In re Estate of Ryan*, 11th Dist. Lake No. 2010-L-075, 2011-Ohio-3891. There, the Eleventh Appellate District found no abuse of discretion in the probate court's failure to appoint an administrator. In that case, however, there were no creditors of the estate, no beneficiaries of the will, and no assets or property belonging to the estate. The court found that the decedent's son failed to show the necessity of appointing an administrator:

> The obligation to administer an estate, however, is not absolute. The Ohio Supreme Court has stated that "[t]he principal function of the fiduciary of an estate under a will is to protect, preserve and pay out the assets according to law and the will." *Hecker v. Schuler*, 12 Ohio St.2d 58, 61, 231 N.E.2d 877 (1967). Accordingly, "[w]here one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed." *Wrinkle v. Trabert*, 174 Ohio St. 233, 188 N.E.2d 587 (1963), at paragraph two of the syllabus. Likewise, a probate court "may appoint a special administrator to collect and preserve the effects of the deceased,"

10.

where there has been a delay in the granting of letters testamentary or of administration. R.C. 2113.15.

Where, however, there are "neither creditors of the estate nor beneficiaries of the will," and where there are no assets or property belonging to the estate, there is "no purpose to be served by the appointment of a fiduciary." *Hecker*, 12 Ohio St.2d at 61; *In re Estate of Odebrecht*, 10th Dist. Franklin No. 05AP-250, 2006 Ohio 381, at ¶8 (the probate court properly closed an estate where "there was no practical reason to keep the estate open," "there were no probate assets in [the decedent's] estate," and the only argument for keeping the estate open was "so that appellants could obtain service of process in the unrelated [trust] litigation on *** the executor of the estate"). *Id*. at ¶ 25-26.

{¶ 27} We arrive at a different conclusion. While appellant could, and should have, attempted to procure the appointment of an administrator, he did make repeated requests that the probate court reopen the estate to preserve the assets therein. Absent appellant doing so himself, the probate court ought to have acted to find someone suitable, especially, as here, where the estate may have a legal claim against Robert and where there are two named beneficiaries.

{¶ 28} In so ordering this remand, we recognize that the record contains many accusations of misdeeds by both beneficiaries. We believe, however, that justice would be served for the probate court to exercise its statutory authority and to appoint someone who can act on behalf of the decedent.

11.

**{¶ 29}** Therefore, we remand this matter with the instruction that the court do so. Appellant's sixth assignment of error is well-taken.

### C. Appellant's First Assignment of Error

**{¶ 30}** In his first assignment of error, appellant argues that the trial court had concurrent jurisdiction, pursuant to R.C. 2101.24(B)(1), along with the General Division of the Wood County Court of Common Pleas and that the lower court should have intervened in the tax foreclosure action pursuant to that authority.

> Ohio courts have long acknowledged that in Ohio, probate courts and the general division of courts of common pleas have concurrent jurisdiction relating to "an action to foreclose a mortgage on the real estate of a deceased mortgagor of *whose estate an administrator or executor has been appointed and qualified*, when it is necessary to sell the real estate to pay decedent's debts, and the court which first acquires jurisdiction thereof retains it to the exclusion of the other." (Emphasis added.) *In re Estate of Honaker*, 6th Dist. Lucas No. L-00-1186, 2001 Ohio App. LEXIS 63, *7-8 quoting *Govt. Natl. Mtge. Assn. v. Smith*, 28 Ohio App.2d 300, 301-302, 277 N.E.2d 233 (1st Dist.1971).

**{¶ 31}** At the time the action was commenced on January 26, 2015, the probate matter was closed and there was no administrator. Given the status of the case at the time, the probate court could hardly have exercised jurisdiction in the foreclosure action. Appellant's first assignment of error is not well-taken.

12.

## D. Appellant's Third, Fourth, Seventh, and Eighth Assignments of Error

**{¶ 32}** The remaining assignments of error pertain to the administration of the estate and are not yet ripe for review given that the estate remains closed.  Appellant will have the opportunity to present those arguments once an administrator is appointed and the estate is reopened.  Accordingly, assignments of error Nos. 3, 4, 7, and 8 are found not-well taken.

**{¶ 33}** The case is reversed in part and remanded to the probate court for further proceedings consistent with this decision.  The costs of this appeal are waived pursuant to App.R. 24.

Judgment reversed in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

James D. Jensen, P.J. _____
CONCUR.

_____
JUDGE

Stephen A. Yarbrough, J. _____
CONCURS IN JUDGMENT ONLY.

_____
JUDGE