JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants, the Estate of Bertina Hards, et. al., ("the Estate") appeal the trial court's decision granting the al., ("the Estate") appeal the trial court's decision granting the motion to dismiss filed by defendants-appellees, Michael Shore Co., L.P.A., et al. ("Shore"). Finding no merit to the appeal, we affirm.
 {¶ 2} In the late 1990's, the Estate hired Shore to represent it in a lawsuit against an investment bank. There was a dispute over payment of Shore's legal fees, and the parties filed lawsuits in Cuyahoga and Geauga counties.[1]
 {¶ 3} In 2003, the Estate filed suit against Shore in Cuyahoga County, alleging abuse of process. Shortly after the complaint was filed, Shore filed a motion for judgment on the pleadings. In January 2004, the court granted the motion and dismissed the Estate's complaint with prejudice. The Estate did not appeal the dismissal.
 {¶ 4} In December 2004, the Estate refiled its complaint. Shore filed a motion to dismiss the complaint and for attorneys fees. The trial court granted the motion to dismiss but denied the motion for attorneys fees. The subject journal entry reads:
"Dis[missed] w[ith] prej[udice] — final. Motion of defendantsto dismiss and for attorney fees (filed 1/07/05) is granted anddenied in part. Matter is hereby dismissed with prejudice. Noattorneys fees to be awarded. Final. Court cost assessed to theplaintiffs."
 {¶ 5} The Estate appeals, raising four assignments of error, which will be addressed together. In each assignment of error, the Estate argues that the trial court erred in dismissing its complaint because they were not properly served with Shore's motion to dismiss.[2] Shore responds that the Estate's claims are barred by res judicata. We agree.
 {¶ 6} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." State exrel. Denton v. Bedinghaus, 98 Ohio St.3d 298, 2003-Ohio-861, at ¶ 14, 784 N.E.2d 99, quoting Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. Thus, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action.
 {¶ 7} In order for a claim to be barred on the grounds of res judicata, the new claim must share three elements with the earlier action: (1) identity of the parties or their privies; (2) identity of the causes of action; and (3) a final judgment on the merits.
 {¶ 8} Omlin v. Kaufmann Cumberland Co., L.P.A., Cuyahoga App. No. 82248, 2003-Ohio-4069, citing, Horne v. Woolever
(1959), 170 Ohio St. 178, 163 N.E.2d 378. First, the parties in the initial proceeding and in this case are identical. Second, the Estate concedes that the original and refiled complaints are the same. Third, there was a final judgment on the original complaint because it was dismissed with prejudice. Therefore, we find that all three elements are met and the new claim may be subject to res judicata.
 {¶ 9} The Estate refiled its complaint pursuant to the "Savings Statute," stating that the original complaint was dismissed for a reason "otherwise than on the merits." We disagree.
 {¶ 10} The "Savings Statute," R.C. 2305.19, provides:
"(A) In any action that is commenced or attempted to becommenced, if in due time a judgment for the plaintiff isreversed or if the plaintiff fails otherwise than upon themerits, the plaintiff * * * may commence a new action within oneyear after the date of the reversal of the judgment or theplaintiff's failure otherwise than upon the merits or within theperiod of the original applicable statute of limitations,whichever occurs later. This division applies to any claimasserted in any pleading by a defendant."
 {¶ 11} Ohio Civ. R. 41 (B), which governs involuntary dismissals, provides that a dismissal with prejudice operates as an "adjudication upon the merits," unless the court, in its order of dismissal, otherwise specifies or unless the dismissal is for lack of jurisdiction or failure to join a party. A dismissal with prejudice is an adjudication on the merits and appealable under R.C. 2505.03. Tower City Properties v. Cuyahoga County Bd. ofRevision (1990), 49 Ohio St.3d 67, 69, 551 N.E.2d. 122. If a dismissal is with prejudice, however, the plaintiff is precluded from utilizing the savings statute to refile his or her claim.Anderson v. Borg-Warner Corp., Cuyahoga App. Nos. 80551 and 80926, 2003-Ohio-1500. A dismissal with prejudice is a final appealable order and a finding on the merits of the case.
 {¶ 12} The journal entry for the original complaint is dated January 20, 2004, and reads:
"Dis[missed] w[ith] prej[udice] — final. Motion of defendantsfor Judgment on the Pleadings (filed 12/2/03) is unopposed,well-taken and hereby granted. Court cost[s] assessed to theplaintiffs."
 {¶ 13} The Estate's original complaint was dismissed with prejudice; therefore, there was a final adjudication on the merits. Although the original complaint and pleadings are not part of the record provided to this court for review, we are not now able to revisit the merits of the dismissal of the original complaint. The Estate had the opportunity to appeal the trial court's decision and chose not to assert that right.[3]
 {¶ 14} Because the January 2004 dismissal was an adjudication on the merits, the Estate cannot utilize the savings statute to refile its claim. The remedy in such a case is not to file a second case, but to appeal the dismissal with prejudice. When the Estate abandoned its rights in the first case and allowed the appeal time to lapse, it waived the right to further adjudicate the issues in the first case. See Cockfield v. Bloodworth (Sep. 17, 1987), Cuyahoga App. No. 53374.
 {¶ 15} Therefore, we find that the Estate's claims are barred by res judicata because the trial court previously entered final judgment on its claims. The Estate chose not to appeal the trial court's ruling; therefore, it is barred from further asserting its claims. We further find that the trial court did not err in dismissing the Estate's complaint with prejudice.
 {¶ 16} Accordingly, the first through fourth assignments of error are each overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J. and George, J.* concur.
[1] These other lawsuits are not part of the instant appeal.
[2] We note that the Estate fails to separately argue its assignments of error as is required by App.R. 16(A)(7). However, we are able to glean from its discussion of facts those arguments that pertain to the assignments of error, so we will address them.
[3] The Estate contends that this appeal is an appeal of the dismissal of both the original and the refiled complaint. However, that assertion is incorrect. This appeal covers only the refiled case. Moreover, we find that the Estate has failed to address the reason why the court dismissed its refiled complaint or refute the arguments that its claims are barred by res judicata.
* Sitting by assignment, Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.