[Cite as *State v. Ritchie*, 2011-Ohio-2566.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                               :

    Plaintiff-Appellee                    :            C.A. CASE NO.     24088

v.                                          :            T.C. NO.    09TRC9549

THOMAS J. RITCHIE, JR.                      :               (Criminal appeal from
                                                              Municipal Court)

    Defendant-Appellant              :

                                            :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____27th_____ day of _____May_____, 2011.

. . . . . . . . . .

SHAUNA HILL, Atty. Reg. No. 0074569, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

TERRY W. POSEY, Atty. Reg. No. 0039666, 7460 Brandt Pike, Dayton, Ohio 45424
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  Thomas J. Ritchie, Jr.  appeals from a Nunc Pro Tunc Entry of the Dayton Municipal Court, which held that, due to a clerical error, prior charges against him for operating a motor vehicle while intoxicated and failure to control had been erroneously dismissed with prejudice; the nunc pro tunc entry dismissed the charges without prejudice.

For the following reasons, the judgment of the trial court will be reversed.

{¶ 2} On May 18, 2009, Ritchie was charged with operating a motor vehicle while intoxicated and failure to control after being involved in a traffic accident. Ritchie filed a motion to suppress evidence, which was overruled. After several continuances, a trial was set for March 22, 2010. A key witness for the State failed to appear on that date, and the State requested a continuance. On the record, the court implicitly denied the State's request for a continuance, stating that "the Court will enter a dismissal of the case." In its handwritten judgment entry, which was journalized and signed by the judge the same day, the trial court stated: "Motion to continue denied. State unable to proceed. The Court hereby dismisses all charges with prejudice." This was a final appealable order. R.C. 2505.02(B)(1); *Estate of Hards v. Shore*, Cuyahoga App. No. 86103, 2005-Ohio-6385, ¶11. See, also, *State v. Brown*, Cuyahoga App. No. 84229, 2004-Ohio-5587, ¶6.

{¶ 3} The State did not appeal from the dismissal, as permitted under R.C. 2945.67.[1] On March 29, 2010, the State refiled the charges against Ritchie.[2]

{¶ 4} On May 7, 2010, the trial court, perhaps acting in response to Ritchie's request for a pre-trial hearing on the refiled charges, filed a nunc pro tunc entry holding that the dismissal of the prior charges had been without prejudice. The entry stated that, "[u]pon reviewing the case record, the Court finds that this notation was a clerical error that does not

---

[1] In its brief, the State asserts that the court "did not provide [the State] with a copy of the entry" and that the State did not become aware of the nature of the dismissal until the period for filing an appeal had passed.

[2] The charges were "refiled," apparently by submitting new traffic citations, but under the same case number.

accurately reflect the Court's Dismissal on the Record." Ritchie filed a motion to dismiss the refiled charges against him and to dismiss the nunc pro tunc entry. Before the trial court ruled on his motion to dismiss, Ritchie filed a notice of appeal from the May 7 entry.

{¶ 5} Ritchie raises one assignment of error on appeal:

{¶ 6} "THE TRIAL COURT ERRED IN VACATING THE DISMISSAL WITHOUT PREJUDICE."

{¶ 7} Ritchie argues that the trial court erred in using a nunc pro tunc entry to modify its prior judgment that the charges against him had been dismissed with prejudice and that the City was not permitted to refile the charges against him.

{¶ 8} Courts possess inherent authority to correct errors in judgment entries so that the record speaks the truth. *In re Cook's Estate* (1969), 19 Ohio St.2d 121, 127; Crim.R. 36. A court's use of a nunc pro tunc judgment entry, which means "now for then," indicates its intent that the judgment have legal effect from an earlier date. Id.; Garner, A Dictionary of Modern Legal Usage (1987), 383-384. Nunc pro tunc entries are limited in proper use, however, to reflecting what the court actually decided but failed to properly include in its judgment, "its sole function being that of correcting a clerical error in the execution of a ministerial act." *Helle v. Public Utilities Commission* (1928), 118 Ohio St. 435, 439; *Webb v. Western Res. Bond & Share Co.* (1926), 115 Ohio St. 247, 256. "Therefore, a *nunc pro tunc* order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action." *State v. Bumgardner* (Dec. 3, 1999), Greene App. No. 99 CA 75, citing *State v. Greulich* (1988), 61 Ohio App.3d 22, 25. See, also, *State v. Breedlove* (1988), 46 Ohio App.3d 78, 81 ("[T]he function of a nunc pro tunc

order is, essentially, clerical."); *Berdine v. Berdine* (Aug. 15, 1997), Greene App. No. 96-CA-156 ("The sole function of an order nunc pro tunc is to correct a clerical error in the execution of a ministerial act.")

{¶ 9} The court used a nunc pro tunc entry in this case to establish that it intended to dismiss the charges against Ritchie without prejudice, although the original judgment stated that the charges were dismissed with prejudice. This May 7 entry was a final appealable order because it had the effect of vacating a judgment (i.e., the March 22 judgment dismissing the case with prejudice). R.C. 2505.02(B)(3).

{¶ 10} The power to enter nunc pro tunc orders does not extend to correction of errors made in consequence of mistake, neglect, omission, or inadvertence. *Caprita v. Caprita* (1945), 145 Ohio St. 5, 7; *Leis v. Leis* (Sept. 20, 1995), Miami App. No. 94 CA 54, citing *Brown v. L.A. Wells Construction Co.* (1944), 143 Ohio St. 580. As discussed above, its use is limited to placing on the record evidence of a judicial action that was actually taken, and it cannot be used to add relief not granted in the earlier entry. *Berdine*, supra. "The function of nunc pro tunc is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth." *Ruby v. Wolf* (1931), 39 Ohio App. 144, 147. A nunc pro tunc entry cannot be used to change something that was deliberately done. *Dentsply Internatl., Inc. v. Kostas* (1985), 26 Ohio App.3d 116, 118.

{¶ 11} In this case, the record contains a handwritten entry of March 22 in which the judge stated that the case was dismissed with prejudice. The meaning of such an entry is clear, and the transcript of the hearing, at which the judge simply

stated that the case would be dismissed, does not contradict the entry. The trial court might have mistakenly indicated in its judgment that the case would be dismissed with prejudice, or the court might have subsequently determined that it should not have dismissed the case with prejudice. However, because the trial judge had clearly expressed his intention to dismiss the case with prejudice in a judgment entry, any error in resolving the case in this manner was not a clerical or ministerial one, but was a result of mistake or inadveterence. As such, it could not be corrected by use of a nunc pro tunc entry.

{¶ 12} The State contends that the trial court erred in dismissing the charges with prejudice because Ritchie "had not been deprived of any constitutional or statutory right that would bar further prosecution." It also asserts that the court "did not provide [the parties] with a copy of the entry," that it did not realize, before the charges were refiled, that the case had been dismissed with prejudice, and that we should recognize "plain error" because its rights were "compromised" by the trial court's actions. Even assuming that all of these arguments are true, the trial court was not permitted to correct its error through a nunc pro tunc entry. The State's remedy was to appeal from the judgment of dismissal, seeking a reversal or modification of the court's judgment.

{¶ 13} We acknowledge the State's argument that it did not realize the nature of the trial court's dismissal before the time for filing a notice of appeal had passed. However, App.R. 4 provides that the notice of appeal must be filed within thirty days of the entry of the judgment; in a criminal case, it does not require service on the parties. Accord, App.R. 5(C). Thus, it appears that the State was

charged with knowledge of the trial court's decision through the court's journal. Pursuant to App.R. 5(A), only a defendant may file a motion for delayed appeal after the expiration of the thirty-day period.

{¶ 14} Ritchie's assignment of error is sustained.

{¶ 15} The nunc pro tunc judgment of the trial court is reversed.

. . . . . . . . . .

GRADY, P.J., concurs.

HALL, J., concurring in part and dissenting in part:

{¶ 16} Because I would reverse and remand the case for the trial court to define the nature of the "clerical error" it found, and to give the defendant the opportunity to be heard opposing the "clerical error" determination, I concur in the reversal, but would remand for further proceedings.

{¶ 17} The majority opinion indicates that because the trial judge had expressed his intention to dismiss the case with prejudice in the March 22, 2010 written entry, that any error was not clerical but an error of mistake or inadvertence. I believe it is possible that this was a clerical error. If it was, then it should be subject to correction. However, the record does not reveal the nature of the "clerical error" that was made. And, there is no indication that the defendant had the opportunity to be heard in opposition to the court's determination that there had been an error at all.

{¶ 18} Accordingly, I would reverse and remand the matter to the trial court to express the precise nature of the clerical error with the defendant having an opportunity to be heard in opposition.

. . . . . . . . . .

Copies mailed to:

Shauna Hill
Terry W. Posey
Hon. Christopher D. Roberts